| | |
|---|---|
| ALICIA CHANDLER, | |
| Plaintiff, | |
| | CIVIL NO. _4:17-cv-86-HLM_____ |
| v. | |
| PYE AUTOMOTIVE GROUP, LLC and L.F. "JOHNNY" PYE, | **JURY TRIAL REQUESTED** |
| Defendants. | |

## COMPLAINT

Plaintiff Alicia Chandler ("Chandler") files the following Complaint against

Pye Automotive Group, LLC. ("Pye Auto") and L.F. "Johnny" Pye ("Mr. Pye")

(Pye Auto and Mr. Pye, collectively, "Defendants"), seeking damages and

declaratory relief as set forth below.

## Nature of Complaint

1.

This action is brought pursuant to the Fair Labor Standards Act, as amended,

29 U.S.C. § 201, *et seq.* ("FLSA") seeking declaratory relief and actual and

liquidated damages for Defendants' joint and willful failure to pay federally

mandated overtime wages to Plaintiff Alicia Chandler during her employment with

Pye Auto. This action also seeks compensatory and punitive damages under state law for intentional infliction of emotional distress, assault, and battery against both Pye Auto and Mr. Pye, based on the sexual harassment, offensive touching, lewd comments and boorish treatment that Ms. Chandler received from Mr. Pye and other supervisors during her employment with Pye Auto.

## The Parties

### 2.

Ms. Chandler is a citizen of the United States and a resident of the State of Georgia residing in Whitfield County. She is a former employee of Defendant Pye Auto (or its affiliated company). Ms. Chandler submits herself to the jurisdiction of this Court.

### 3.

Defendant Pye Auto is a limited liability company organized under the laws of the State of Georgia with its principal place of business in Dalton, Georgia. Pye Auto may be served with process through its registered agent for service of process, Gregory H. Kinnamon, 512 South Thornton Avenue, Dalton, Georgia 30720.

### 4.

Defendant Mr. Pye is an individual citizen of the United States and of the State of Georgia residing in Whitfield County, Georgia. Mr. Pye is subject to

personal service of process wherever he may be found, or abode service under Federal Rule of Civil Procedure 4(e)(2)(B) at his residence.

5.

On information and belief, Defendant Mr. Pye is a member of Defendant Pye Auto and is either the majority or sole owner.

**Jurisdiction and Venue**

6.

Ms. Chandler's FLSA claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 29 U.S.C. § 216(b). This court has supplemental jurisdiction over Ms. Chandler's state law claims against Pye Auto and Mr. Pye pursuant to 28 U.S.C. § 1367.

7.

This Court has personal jurisdiction over Pye Auto because Pye Auto is organized under the laws of Georgia and has its principal place of business in Georgia.

8.

This Court has personal jurisdiction over Mr. Pye because he is a resident of the State of Georgia, Whitfield County.

9.

This is an appropriate venue for all of Ms. Chandler's claims pursuant to 28 U.S.C. § 1391 as the judicial district in which the Defendants reside and in which the events and omissions giving rise to Ms. Chandler's claims occurred.

**Administrative Proceedings**

10.

Ms. Chandler filed a charge of discrimination with the EEOC on February 22, 2017 in relation to claims for sexual harassment, discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* Ms. Chandler has not yet received a Notice of Right to Sue from the EEOC, and will seek to amend this Complaint to add her Title VII claims upon receipt of such Notice.

**The Facts**

Ms. Chandler's Employment By Defendants and Her Compensation

11.

Ms. Chandler began her employment with Pye Auto in December 2013 as an hourly clerical worker. A few months later she was promoted to "Finance Manager." In that capacity, her primary duty was to process loan applications for customers of Pye Auto seeking financing in connection with the purchase of a new or used vehicle from Pye Auto.

12.

Ms. Chandler worked as a Finance Manager for Pye Auto from early 2014 until the termination of her employment on or about September 26, 2016 (the time period from December 2013 to September 2016 is referred to hereinafter as "the relevant time period").

13.

Ms. Chandler was, at all times relevant hereto, an "employee" within the meaning of the FLSA.

14.

Defendant Pye Auto is a private employer engaged in interstate commerce, and its gross revenues exceed $500,000 per year.

15.

Pye Auto is an "employer" under the FLSA, 29 U.S.C. § 203(d).

16.

Defendant Mr. Pye exercises operational control over Pye Auto.

17.

Because Mr. Pye exercises operational control over Pye Auto, Mr. Pye is also an "employer" under the FLSA, 29 U.S.C. § 203(d), and is jointly and severally liable for unpaid wages and other damages due to Ms. Chandler.

18.

As an employer under the FLSA, Pye Auto is subject to the minimum wage and maximum hours requirements of the FLSA, 29 U.S.C. §§ 206-07.

19.

Defendant Pye Auto employed Ms. Chandler throughout the relevant time period.

20.

Defendant Mr. Pye employed Ms. Chandler throughout the relevant time period.

21.

Defendants jointly employed Plaintiff throughout the relevant time period.

22.

Ms. Chandler's primary duties throughout the relevant time period did not include supervision of any other employees, and did not include the exercise of independent judgment or discretion as to matters of significance. As such, Ms. Chandler's duties did not qualify her for treatment as exempt under the FLSA.

23.

Ms. Chandler was entitled to receive at least the federal minimum wage of $7.25 for each hour worked and premium pay at one and one half times her regular rate of pay for all hours worked in excess of 40 during each workweek.

24.

Ms. Chandler regularly worked in excess of 40 hours each work week. She typically worked six days per week, approximately 10-12 hours per day.

25.

Defendants paid Ms. Chandler $600 per week throughout most of the relevant time period, regardless of the number of hours she worked.

26.

Near the end of her employment with Defendants, Defendants increased her weekly pay to $800, again regardless of the number of hours she worked.

27.

Defendants also paid Ms. Chandler certain sums that it labeled "commissions," which were often paid on a monthly basis and usually ranged between $700-$1200 per month.

28.

The "commissions" that Defendants paid to Ms. Chandler count toward determining her "regular rate of pay" under the FLSA.

29.

Throughout the relevant time period, Defendants failed to pay Ms. Chandler a premium rate at one and one half times her regular rate of pay for any hours worked in excess of 40.

30.

Defendants did not maintain records of hours worked by Plaintiff at any time during her employment.

Mr. Pye's Unlawful Treatment of Ms. Chandler

31.

Mr. Pye subjected Ms. Chandler to unwelcome verbal and physical harassment based on her sex and/or her sexual orientation throughout the relevant time period.

32.

As an example of the verbal harassment that Mr. Pye inflicted on Ms. Chandler, he once said to her something like, "If you keep wearing dresses like that, I'm going to take you into my office."

33.

As a second example of the verbal harassment that Mr. Pye inflicted on Ms. Chandler, he said to her on another occasion something like, "We need to get you out front in a bikini to get people in here." Similarly, another time he said to her something like, "You would look good propped up in my boat."

34.

Mr. Pye regularly chastised and belittled Ms. Chandler based on her sexual orientation in light of his understanding that she previously had a romantic and/or

sexual relationship with another woman. He made comments to her like, "You can fuck any guy you want, but don't fuck my girls." He accused her of "not knowing if [she] is a boy or a girl," and he referred to gay, lesbian, and/or bisexual people as "sick." He said that "no one who is gay is happy," and "they are all drug addicts and alcoholics."

35.

Mr. Pye also touched Ms. Chandler in physically inappropriate and offensive ways. For example, on one occasion, he grabbed her buttocks.

36.

Mr. Pye threatened offensive touching of Ms. Chandler on multiple occasions.

37.

Mr. Pye's treatment of Ms. Chandler was offensive both subjectively and objectively, and it was unwelcome.

<u>Ms. Chandler's Complaints to Management About Pye's Unlawful Treatment</u>

38.

Ms. Chandler complained to her supervisor, Jeff Middlebrooks, about the treatment that she was receiving from Mr. Pye. He acknowledged that it was inappropriate and offensive but advised her not to do anything about it because it might cause her to lose her job.

39.

Ms. Chandler complained to at least two other supervisors about the treatment she received from Mr. Pye.  On at least one occasion, she came to them visibly shaken and upset by a conversation with Mr. Pye during which he was verbally abusive and demeaning.  They told her that they could not help her and that she should go see Ms. Kim Gaston, who holds a managerial position but also has a long-term personal and/or romantic relationship with Mr. Pye.

40.

Ms. Chandler went to see Ms. Gaston about her treatment from Mr. Pye. Ms. Gaston instructed Ms. Chandler not to speak about it again.

### Ms. Chandler's Need for Time Off Due to Emotional Distress and her Termination of Employment Upon Return

41.

The treatment that Ms. Chandler received from Mr. Pye caused her severe emotional distress.

42.

Ms. Chandler was upset enough about the treatment she was receiving from Mr. Pye that she asked for some time off when she met with Ms. Gaston.  Ms. Gaston approved Ms. Chandler taking a week off.

43.

When Ms. Chandler returned from taking a week off, she learned that she no longer had a job, and was told that her position had been eliminated.

44.

The stated reason for Ms. Chandler's termination, a so-called "job elimination," is a pretext for unlawful discrimination and retaliation.

## COUNT I
## VIOLATION OF THE FEDERAL FAIR LABOR STANDARDS ACT

45.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

46.

Defendants, as joint employers, have violated the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages for the time Ms. Chandler worked in excess of 40 hours in each work week.

47.

Defendants' actions, policies, or practices violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiff at the required overtime rate.

48.

Defendants knew, or showed reckless regard for the fact that they failed to pay overtime compensation as required under the FLSA.

49.

Defendants failed to accurately report, record, and/or preserve records of hours worked by Plaintiff, and thus failed to make, keep and preserve records sufficient to determine Plaintiff's wages, hours, and other conditions and practices of employment, in violation of the FLSA.

50.

Defendants' conduct as alleged herein was willful and in bad faith.

51.

Due to Defendants' willful violations of the FLSA, Plaintiff is entitled to recover her unpaid overtime wages, plus liquidated damages in an equal amount, her attorney's fees, and the costs of this litigation, pursuant to FLSA § 16, 29 U.S.C. § 216.

## COUNT II
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

52.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

53.

Defendant Mr. Pye engaged in sexually offensive conduct intentionally directed at Plaintiff Ms. Chandler.

54.

Mr. Pye's treatment of Plaintiff Ms. Chandler was designed to, and did, cause her severe emotional distress.

55.

Ms. Chandler cried to her supervisors about the treatment she was receiving from Mr. Pye, but they said they could not do anything about it, which only made her emotional distress become worse.

56.

The emotional distress Ms. Chandler suffered was so severe that she requested time off to recover.

57.

Mr. Pye is individually liable for the emotional distress that he intentionally inflicted on Ms. Chandler.

58.

Defendant Pye Auto is vicariously liable for the emotional distress that Mr. Pye intentionally inflicted on Ms. Chandler.

59.

Ms. Chandler suffered damages as a result of the intentional infliction of emotional distress for which Defendants are liable.

**COUNT III**
**ASSAULT AND BATTERY**

60.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

61.

Defendant Mr. Pye intentionally touched Plaintiff offensively, including on the buttocks.

62.

Defendant Mr. Pye also threatened to touch Plaintiff offensively, and indicated that he had the present ability to do so.

63.

Defendant Mr. Pye touched Plaintiff offensively, including on the buttocks.

64.

Mr. Pye's offensive and unwelcome touching of Plaintiff, and his threats of offensive touching, were demeaning and caused her mental and emotional distress.

65.

Mr. Pye is individually liable for his assault and battery of Ms. Chandler.

66.

Defendant Pye Auto is vicariously liable for Mr. Pye's assault and battery of Ms. Chandler.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a **TRIAL BY JURY** and requests the following relief:

a) A declaratory judgment that Defendants have violated the FLSA, 29 U.S.C. § 201, *et seq.*;

b) A judgment awarding Plaintiff her unpaid wages pursuant to 29 U.S.C. § 207, liquidated damages as provided by 29 U.S.C. § 216, court costs and attorney's fees as provided by 29 U.S.C. § 216, and all other remedies allowed under the FLSA;

c) A judgment awarding Plaintiff compensatory and punitive damages, in an amount to be determined by the enlightened conscience of the jury;

d) Award Plaintiff her attorney's fees;

e) Award Plaintiff pre-judgment and post-judgment interest; and

f) Award Plaintiff all other and further relief as this Court deems just and proper.

Respectfully submitted this 8th day of May, 2017.

/s/ Lisa D. Taylor
Lisa Durham Taylor
Georgia Bar No. 235529
lisa@durhamtaylor.com
**DURHAM TAYLOR LLC**
1650 Whippoorwill Road
Watkinsville, Georgia  30677
Telephone:  (770) 235-1117
Facsimile:  (706) 478-6797

**Attorney for Plaintiff Alicia Chandler**