IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| **ALICIA CHANDLER,**<br><br>    Plaintiff,<br><br>v.<br><br>**PYE AUTOMOTIVE GROUP, LLC, PYE NISSAN, INC., PYE CARS OF DALTON, INC., AND L.F. "JOHNNY" PYE,**<br><br>    Defendants. | Civil Action No.<br><br>4:17-cv-86-HLM |

### JOINT MOTION FOR APPROVAL OF
### FLSA RELEASE AND SETTLEMENT AGREEMENT

Plaintiff Alicia Chandler and Defendants Pye Automotive Group LLC, Pye Nissan, Inc., Pye Cars of Dalton, Inc. and Lionel F. "Johnny" Pye (collectively, "Defendants") file this Joint Motion for Approval of Settlement Agreement as to FLSA Claims, and request that the Court approve the Parties' Settlement Agreement attached hereto as "**Exhibit A.**" The Parties agree that the settlement set forth in the Settlement Agreement is fair and reasonable and that no hearing before the Court is needed or requested.

## I.  Factual Background

Plaintiff worked for certain of the Defendant car dealerships from December 2013 until October 2016. She filed her Complaint initiating this lawsuit on May 8, 2017, asserting claims the Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* and also asserting certain state-law claims relating to allegations of sexual harassment ("the Lawsuit"). [Doc. 1]  As relevant to the FLSA claims, Plaintiff generally alleged that she was employed by Defendants and was a covered employee under the FLSA during the course of her employment.  Plaintiff also alleged that she worked more than 40 hours per workweek but was not paid at the proper overtime rate required by the FLSA.  *See* Complaint [Doc. 1].  Plaintiff later amended her Complaint to add claims of sexual harassment, sex discrimination, and retaliation under Title VII. [Docs. 9, 35.]

Following discovery, Defendants sought partial summary judgment, which the Court granted as to certain of Plaintiff's state law claims but denied as to her Title VII claims.  [Docs. 58, 65.]   The parties then requested, and the Court granted, a stay of deadlines pending mediation.  [Doc. 66.] Mediation took place on September 18, 2018, and the parties now jointly submit this request for approval of their settlement as to the FLSA claims.

Through their counsel, the Parties are familiar with the facts of the case and the legal issues raised by the pleadings. Both before and during the litigation, the Parties conducted a thorough investigation into the merits of their respective claims and defenses. Discovery included the exchange of all relevant and requested documents and also included depositions of Plaintiff and four defense witnesses.

Informed by their knowledge of the underlying facts and the applicable law, the Parties, through their counsel, have negotiated a settlement of Plaintiff's FLSA claims that involves a payment of $2,000 toward unpaid overtime and $2,000 in liquidated damages. The settlement also includes a payment of attorney's fees in the amount of $20,000. The terms and conditions of the settlement reflected in the Settlement Agreement are a product of the Parties' negotiations and represent a reasonable compromise of the disputed issues in this case. In addition, the Parties believe that the certainty of settlement is better than the uncertain outcome of protracted litigation.

## II.   Memorandum of Law in Support of the Motion

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory

3

and, except in two narrow circumstances, generally are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

When parties bring a proposed settlement of an FLSA claim before a court, the Court must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *Id.* at 1354-55. If a settlement in an employee FLSA suit reflects "a reasonable compromise over issues," such as FLSA coverage or computation of back wages that are "actually in dispute," the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

In determining whether a settlement is fair and reasonable, courts have considered factors such as: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, risk, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the

4

strength of the plaintiff's case and the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See King v. My Online Neighborhood*, Case No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575 (M.D. Fla. Mar. 7, 2007) (citing *Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)); *see also Trinh v. JPMorgan Chase & Co.*, Case No. 07-CV-01666 W(WMC), 2009 WL 532556 (S.D. Cal. Mar. 3, 2009). "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King*, 2007 WL 737575, at *3 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). Moreover, "a 'settlement is a compromise, a yielding of the highest hopes in exchange for certainty and resolution.'" *King*, 2007 WL 737575, at *3 (quoting *In re Gen. Motors Corp. Pick-Up Truck Fuel Tank Prods. Liab. Litig.*, 55 F.3d 768, 806 (3d Cir. 1995) (other internal citations omitted)).

The "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).

### III. Summary of the Settlement Terms

**Backpay and Liquidated Damages**: The total payment to Plaintiff in relation to her FLSA claims is $4,000, consisting of $2,000 of backpay and $2,000 of liquidated damages.

**Attorney's Fees and Litigation Costs**

The Parties also engaged in separate negotiations to resolve Plaintiff's claims for attorney's fees and costs, which were finally settled in the amount of $20,000. Defendant does not oppose the fees and costs being paid to Plaintiff's counsel. By negotiating Plaintiff's claim for attorney's fees after agreeing on the settlement amount to resolve Plaintiff's claim for overtime damages, the Parties ensured that the settlement was untouched by any conflict of interest and that the settlement was a fair and reasonable resolution of a bona fide dispute.

Plaintiff's Counsel has spent a considerable amount of time in this case. The total lodestar to date claimed by Plaintiffs' Counsel for the work performed on all claims in the Lawsuit is in excess of $100,000.00. This reflects the time actually spent in the exercise of reasonable judgment by the lawyers and staff involved and is reflected in Plaintiff's counsels' detailed time records. The work undertaken represents the work addressed above in connection with the investigation and filing of the Lawsuit, conducting discovery, fully briefing the motion for summary

judgment, advising Plaintiff, and negotiating and effectuating this settlement. Although Plaintiff's Counsel incurred over $100,000 in attorney's fees, they have agreed to accept a discounted attorneys' fee and cost award specifically in relation to the FLSA claims of $20,000.00. These amounts do not reflect the time spent drafting this motion and to be incurred in obtaining settlement approval and speaking with Plaintiff about the settlement. Thus, the fee requested is more than fair given the actual time invested.

The terms of the settlement call for dismissal with prejudice of Plaintiff's FLSA claims. With the Court's permission, the Parties request that the Court approve this settlement and allow for a joint stipulation of dismissal with prejudice as to those claims within three weeks after entry of an Order approving the FLSA settlement.

WHEREFORE, Plaintiff and Defendant pray that this Court enter an Order approving the settlement. A proposed order is attached hereto as **Exhibit B**.

Respectfully submitted this 15th day of October, 2018.

/s/ Lisa D. Taylor
Lisa Durham Taylor
Georgia Bar No. 235529
**Durham Taylor LLC**
1650 Whippoorwill Road
Watkinsville, Georgia  30677
Telephone:  (770) 235-1117
Facsimile:  (706) 478-6797
lisa@durhamtaylor.com

John T. Stembridge
Georgia Bar No. 678605
**Stembridge Law LLC**
2951 Piedmont Road, Suite 300
Atlanta, Georgia  30305
john@stembridgelaw.com

**Attorneys for Plaintiff**

/s/  Alyssa K. Peters
Alyssa K. Peters
Georgia Bar No. 455211
**Constangy Brooks Smith & Prophete LLP**
577 Mulberry St., Suite 710
Macon, GA 31201
(478) 750-8600 (Phone)
(478) 750-8686 (Fax)
apeters@constangy.com

**Attorneys for Defendants**

### CERTIFICATION OF FONT SIZE

Pursuant to Local Rule 5.1(B) of the Local Rules of the United States District Court for the Northern District of Georgia, Lisa D. Taylor, attorney for Plaintiff, certifies by her signature above that the Joint Motion For Approval Of FLSA Release and Settlement Agreement  is typewritten using Times New Roman font, fourteen (14) point type.