# FLSA RELEASE AND SETTLEMENT AGREEMENT

This FLSA Release and Settlement Agreement is entered into this 15th day of September October, 2018, by and between the parties identified below.

## PARTIES

The parties to and beneficiaries of this FLSA Release and Settlement Agreement (the "Parties") are:

a. Alicia Chandler (hereinafter "Plaintiff"); and

b. Pye Automotive Group LLC; Pye Nissan, Inc.; Pye Cars of Dalton, Inc.; and Lionel F. "Johnny" Pye Jr. (hereinafter "Defendants").

## RECITALS

WHEREAS, In Alicia Chandler v. Pye Automotive Group, LLC et al., Case 1:17-cv-86-HLM (Northern District of Georgia, 2017) (the "Lawsuit"), Plaintiff alleged, among other things, that the Defendants failed to pay her the correct amount of wages and overtime wages;

WHEREAS, the Defendants deny each and every act of alleged misconduct, deny liability, and deny causing damage of any kind to Plaintiff;

WHEREAS, the Parties desire to avoid the uncertainty and expense of further litigation and to resolve the Plaintiff's claims amicably; and

NOW, THEREFORE, in consideration of the recitals, promises and covenants contained herein, the Parties agree as follows:

## SCOPE OF SETTLEMENT

This Agreement is intended to and does release and settle the claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. alleged in Plaintiff's Lawsuit against the Defendants. The Parties agree that Defendants' monetary payment to Plaintiff and her counsel is based on Plaintiff's wage and overtime claims under the FLSA, and Plaintiff hereby surrenders, waives, and releases those claims. The Parties further agree that Defendants' monetary payment to Plaintiff and her counsel does not encompass the non-FLSA claims (arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and state law) asserted in the Lawsuit, and Plaintiff does not hereby surrender, waive and release any of those claims with this Agreement.

The execution of this Agreement between Plaintiff and the Defendants releases Defendants and its current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, insurers, including Zurich North American and Universal Underwriters Insurance Co., successors and assigns, personally and in their individual, corporate

and official capacities, and any related entities, subsidiaries, divisions, and their respective current and former owners, agents, affiliates, managers, supervisors, employees, attorneys, representatives, successors and assigns, personally and in their individual, corporate and official capacities, from all claims arising under the FLSA which were alleged in the Lawsuit or could have been alleged in the Lawsuit against the Defendant as of the date of the execution of this Agreement. It does not release the non-FLSA claims asserted in the Lawsuit.

The Defendants waive and release any and all claims of any nature that the Defendants have against Plaintiff as of the date of the execution of this Agreement, including any and all claims for attorneys' fees and costs.

## NO ADMISSION OF LIABILITY

Neither this Agreement nor any consideration given hereunder constitutes an admission, nor is it to be construed as an admission of any right, entitlement, fault or liability of any kind on the part of any Party. The Parties agree that each of them denies any and all fault or liability of any type and denies any wrongful conduct with regard to one another.

## PAYMENT AND COMPENSATION TO PLAINTIFFS

For and in consideration of the promises, recitals, releases, waivers, terms, and conditions set forth in this FLSA Release and Settlement Agreement, the Defendants hereby agree to pay Plaintiff and her attorneys (Durham Taylor LLC) payments and attorneys' fees in the total amount of $24,000.00, in the following manner:

No later than fifteen days after the Court's approval of the settlement agreement, the Defendants shall deliver the following checks totaling $24,000.00 to the office of Plaintiffs' counsel at 1650 Whippoorwill Road, Watkinsville, Georgia 30677:

1. a check for $2,000.00, less any and all withholding taxes (inclusive of all income taxes (Federal and State) and FICA taxes (Social Security and Medicare) payable to Plaintiff representing past wages and overtime (Plaintiff as a condition precedent to this payment shall provide to Defendant a completed and signed IRS form W-4);

2. a check for $2,000.00 payable to Plaintiff representing liquidated damages (Plaintiff as a condition precedent to this payment shall provide to Defendant a completed and signed IRS form W-9); and

3. a check for $20,000.00 payable to Durham Taylor, LLC with "legal fees and costs" in the "for" line (Durham Taylor to provide Defendant with a completed and signed W-9).

Plaintiff agrees that this Agreement will not be final until the Court approves this Agreement. After payment is received by Plaintiff's counsel, the Parties will file a joint stipulation of dismissal with prejudice. Plaintiff agrees that the payments above represent full

payment to her and reconcile all FLSA claims alleged or which could have been alleged in the Lawsuit, including any claims for attorney's fees and costs related to her FLSA claims.

## COSTS AND ATTORNEY'S FEES

Except as provided above, the Parties unconditionally and reciprocally release and agree to hold each other harmless from any claims for attorneys' fees, costs, or expenses in any form incurred by the Parties.

## WARRANTIES

Plaintiff warrants and represents that she is fully informed and has full knowledge of the terms, conditions, and effects of this FLSA Release and Settlement Agreement.

The Parties warrant and represent, each to the other, that they have either personally or through their attorneys, investigated facts surrounding this FLSA Release and Settlement Agreement, that they are fully satisfied with the terms and effects of this Agreement, and that they are legally competent to execute this Agreement. The undersigned attorneys further warrant and represent that they have personally explained the terms and effects of this Agreement to their respective client(s) and that their respective client(s) fully understand and are satisfied with the terms and effects of this Agreement. The Parties warrant and represent, each to the other, that no promise or inducement has been offered or made regarding Plaintiff's FLSA claims except as herein set forth, and that this FLSA Release and Settlement Agreement is executed without reliance upon any other statement or representation in connection with this FLSA Release and Settlement Agreement.

If any provision or term of this FLSA Release and Settlement Agreement should be declared invalid or unenforceable, such declaration will not affect the validity or enforceability of the remaining terms and conditions hereof.

This FLSA Release and Settlement Agreement may not be amended, modified, superseded, canceled, or terminated, and its terms and conditions may not be waived, except by a written instrument executed by the Parties or, in the case of a waiver, by the party to be charged with such waiver. No waiver by any Settling Party of any condition or of the breach of any term, covenant, representation or warranty contained in this FLSA Release and Settlement Agreement, in any one or more instances, will be deemed to be or construed as a further or continuing waiver of any such condition or breach in other instances, or as a waiver of any other condition or of any breach of any other terms, covenants, representations or warranties contained in this Agreement.

The Parties mutually agree that this FLSA Release and Settlement Agreement in no way whatsoever affects, precludes, or abrogates federal and state entitlement benefits (such as disability benefits or unemployment benefits) that Plaintiff is presently receiving or could receive as a result of her employment with the Defendant.

Plaintiff represents and warrants that she has not assigned or sold, or in any way disposed of her claims hereby released, or any part thereof, to anyone and that she will save and hold Defendants harmless of and from any claims, actions, causes of action, demands, rights, damages, costs and expenses, including reasonable attorneys' fees, arising from a complete or partial assignment of the claims hereby released.

The rights and obligations of the Parties under this FLSA Release and Settlement Agreement will inure to the benefit of and shall be binding upon their successors, assigns, employees, agents, and/or legal representatives.

Plaintiff acknowledges that she is relying on no representations or warranties by Defendants that the payments made pursuant to this agreement or any portion thereof are properly excludable from taxable income. Rather, Plaintiff has been advised to seek advice from professional advisors of her choosing regarding tax treatment of this settlement. Plaintiff further covenants and agrees to hold Defendants harmless for any additional sums, including, but not limited to, costs and expenses, including reasonable attorney's fees, liabilities, interest, and penalties incurred by Plaintiff as a result of the tax treatment which Plaintiff accords to the payments made to her pursuant to this Settlement Agreement and Release or as the result of any of said payments being made without being subjected to withholdings.

GOVERNING LAW

The Parties agree that the law of the State of Georgia shall govern disputes concerning any aspect of this FLSA Release and Settlement Agreement.

AGREED TO BY THE PARTIES:

By: _____  Dated: 10/5/18
Alicia Chandler
Plaintiff


APPROVED BY PLAINTIFF'S ATTORNEY(S):

DURHAM TAYLOR LLC


By: _____
Lisa D. Taylor

Scanned by CamScanner

Pye Automotive, Inc., Pye Nissan, Inc.; Pye Cars of Dalton, Inc.; and Lionel F. Pye, Jr.:

By: ____[signature]____ Dated: __10/12/19__
Lionel F. Pye, Jr., on behalf of himself individually and each of the corporate Defendants,
of which he is their: _____
Defendants


APPROVED BY DEFENDANTS' ATTORNEY(S):

CONSTANGY BROOKS SMITH & PROPHETE LLP

By: ____[signature]____
Alyssa K. Peters